**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| Blake Brown, | Case No: |
| Plaintiff, | |
| v. | **DEMAND FOR JURY TRIAL** |
| Josh Hicks d/b/a Simba Seven LLC, | |
| Defendant. | |

Plaintiff Blake Brown ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Josh Hicks d/b/a Simba Seven LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

2. Plaintiff created a video of two semi-trucks being tipped over by extremely high winds while driving on a highway in Amarillo, Texas (the "*Video*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a social media account on Facebook named @DriveUnited (the "*Account*").

4. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Video on the Account and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff Blake Brown is an individual who is a citizen of the State of Texas and

1

who resides in Carson County, Texas.

6. Upon information and belief, defendant Josh Hicks d/b/a Simba Seven LLC, is an Arkansas citizen with a principal place of business at 2964 West Huntsville Avenue, Springdale in Washington County, Arkansas.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Arkansas.

9. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.** **Plaintiff's Copyright Ownership**

10. Plaintiff is a professional videographer by trade who is the legal and rightful owner of certain videos which Plaintiff commercially licenses.

11. Plaintiff has invested significant time and money in building Plaintiff's video portfolio.

12. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's videos while many others are the subject of pending copyright applications.

13. Plaintiff's videos are original, creative works in which Plaintiff owns protectable copyright interests.

14. On March 13, 2019, Plaintiff authored the Video. A copy of a screengrab of the Video is attached hereto as Exhibit 1.

15. On April 3, 2019, the Video was registered by the USCO under Registration No. PA 2-181-876.

16. Plaintiff created the Video with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

17. The Account is a part of and used to advance Defendant's commercial enterprise.

18. Defendant has exclusive access to post content to its Account.

19. The Account is monetized in that it promotes Defendants consulting and hiring services for truck drivers and, upon information and belief, Defendant profits from these activities.

20. On or about October 18, 2021, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=870123170562818 ("*Infringement 1*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

21. On or about February 5, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=358024879208309 ("*Infringement 2*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

22. On or about May 2, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=690353522228941 ("*Infringement 3*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

3

23. On or about May 8, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=684636829314929 ("*Infringement 4*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

24. On or about September 7, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=800400281090607 ("*Infringement 5*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

25. On or about September 28, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=721330712695483 ("*Infringement 6*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

26. On or about November 9, 2022, Defendant displayed the Video on the Account as part of a social media post at URL: https://www.facebook.com/watch/?v=1478945769266801 ("*Infringement 7*"). A copy of a screengrab of the Account including the Video segment is attached hereto collectively as Exhibit 2.

27. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Video on the Account.

28. Plaintiff first observed and actually discovered the Infringements on May 13, 2022.

29. Upon information and belief, the Video was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Video (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

30. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

31. The Infringements are exact and mirrored copies of a segment from Plaintiff's original Video that were directly copied and displayed by Defendant on the Account.

32. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Account, including, but not limited to, copying, posting, selecting, commenting on, and/or displaying images including, but not limited to, Plaintiff's Video.

33. Upon information and belief, the Video segments were willfully and volitionally posted to the Account by Defendant.

34. Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

35. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

36. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Account and exercised and/or had the right and ability to exercise such right.

37. Upon information and belief, Defendant monitors the content on its Account.

38. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

39. Upon information and belief, Defendant is a sophisticated media company self-describing itself as the largest truck driver network in the United States which owns a

comprehensive portfolio of digital marketing platforms and has advanced operational and strategic expertise in an industry where copyright is prevalent.

40. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles and advertisements have been properly licensed.

41. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

42. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

43. Upon information and belief, the Infringements increased traffic to the Account and, in turn, caused Defendant to realize an increase in its revenue generated through the consulting and hiring services for truck drivers.

44. Upon information and belief, a large number of people have viewed the unlawful copies of the Video on the Account.

45. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

46. Defendant's use of the Video, if widespread, would harm Plaintiff's potential market for the Video.

47. On June 7, 2024, Plaintiff, via counsel, served a letter and draft copy of this complaint seeking to address the complaints contained herein concerning Defendant's

infringement of Plaintiff's rights-protected work.

48.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

49.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

50.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51.     The Video is an original, creative work in which Plaintiff owns a valid copyright.

52.     The Video is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

53.     Plaintiff has not granted Defendant a license or the right to use the Video in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

54.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly, and illegally, copied, reproduced, distributed, adapted, and/or publicly displayed a work copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55.     Defendant's reproduction of the Video and display of the Video constitutes willful copyright infringement.

56.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Video in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Video without Plaintiff's consent or authority, by using it on the Account.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the infringements pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Video in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

   a. finding that Defendant infringed upon Plaintiff's copyright interest in and to the Video by copying and displaying it without a license or consent;

   b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the

                infringements pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505 ;

e.     for pre-judgment interest as permitted by law; and

f.     for any other relief the Court deems just and proper.

DATED: March 21, 2025

                **SANDERS LAW GROUP**

                By:   /s/ Craig Sanders
                Craig Sanders, Esq.
                333 Earle Ovington Blvd, Suite 402
                Uniondale, NY 11553
                Tel: (516) 203-7600
                Email: csanders@sanderslaw.group
                File No.: 126860
                *Attorneys for Plaintiff*